ABNER G. DEVOLL, *in Equity, versus* ENOCH SCALES & al.

Where a claim, on which an action had been brought, was settled, before the term of the Court was begun, and the plaintiff wrongfully entered the action, took judgment and execution, and long afterwards assigned the execution, the Court, exercising its equity powers, will grant a writ of injunction, to relieve the debtor in the execution against its enforcement.

BILL IN EQUITY.

*Hutchinson,* for the plaintiff.

*Abbott,* for the defendants.

The opinion of the Court was drawn up by

DAVIS, J. — This is a bill in equity, in which the plaintiff, Devoll, prays that the defendants may be enjoined from enforcing a judgment, obtained by Scales against him, in 1853, and assigned by Scales to Gray, the other defendant.

This judgment was obtained in a suit upon a prior unsatisfied judgment against Devoll, obtained by Scales in 1836. After the second suit was commenced, and the writ served, but before the return day, Devoll settled the demand by conveying to Scales one hundred acres of land, and giving him his promissory note for sixty-five dollars, secured by a mortgage of other land. Scales thereupon gave him a written discharge, of which the following is a copy : —

"Brighton, Nov. 29, 1853.

"In consideration of a conveyance of one hundred acres of land, by deed from Abner G. Devoll, and a mortgage

deed from said Devoll to secure the payment of sixty-five dollars, said deeds bearing even date with this writing, I hereby discharge him from a judgment recovered in my name, in the county of Kennebec, at the August term of the Court of Common Pleas, A. D. 1836, the debt in said judgment being $96,40, and the cost $15,76;—now, therefore, if there is no attachment placed on file in the Registry of Deeds, in the County of Somerset, on debts against said Devoll, within six days after the above deeds are recorded, then this writing is to be a full discharge of the above described judgment—and not otherwise.

" Enoch Scales."

The proofs in the case show, without controversy, that no attachment was, *in fact,* made of the lands conveyed by any creditor of Devoll, either before or after the deeds were recorded. The discharge, therefore, became operative, and the original judgment was annulled.

But Scales, claiming that he "was informed" that the land had been attached, entered his action in Court, and caused judgment to be entered therein upon default. Such a proceeding was wrongful, and the judgment so obtained was without any shadow of right in equity.

Scales justified himself on the ground that the hundred acres of land were of much less value than Devoll represented it to be. But this gave him no right, while retaining the land, and the note for sixty-five dollars, to disregard his discharge and enter his action in Court without the knowledge of Devoll. However valid such an excuse may be in morals, it has no foundation in law, or in equity.

But Scales asserts in his answer, and testifies as a witness, that, after judgment was entered up and execution issued, he notified Devoll, and, upon a new settlement, Devoll paid him a part of the execution, and promised to pay him the remainder.

It appears that, June 27, 1854, Scales reconveyed to Devoll the hundred acres of land. But he received therefor notes for $100, with a mortgage of the land to secure the

payment thereof. He also still retained the note for $65, secured by a mortgage. Devoll still retained the written discharge of the original judgment, and we are not satisfied that he has ever waived it. Scales has always retained the entire consideration for which it was given. He obtained his second judgment without right, and without the knowledge of Devoll, after the cause of action had been fully discharged; and having taken out execution, he has assigned it to Gray, without indorsing any payment of any sum thereon. A judgment so obtained ought not to be enforced.

*Writ of injunction to issue.*

TENNEY, C. J., RICE, CUTTING, MAY and GOODENOW, JJ., concurred.